IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEREMY GERALD,

    Petitioner,

v.   CASE NO. 4:05-cv-316-MMP-AK

SHERIFF BUCHER,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 3, Petition for Writ of Habeas Corpus, filed by Jeremy Gerald. At the time Petitioner filed his petition, he was incarcerated in Madison County, Florida, which is located in this district. He seeks to be released from a detainer lodged by the State of Georgia, apparently from Lowndes County, Georgia, *id*. at 2, and from charges "which have been issued by James Mabry, Sheriff Deputy of Madison County" or, alternatively, "to significantly reduce the excessive bail set against [him]." *Id*. at 1.

"Where a prisoner brings an action in the district of confinement attacking a detainer lodged by another State, the court can...transfer the suit to a more convenient forum." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 499 (1973). *See also* 28 U.S.C. § 1404(a) (for convenience of parties and witnesses, in interest of justice, district court may transfer any civil action to any other district where action might have been brought in first instance).

In this Court's view, to the extent that Petitioner challenges the Georgia detainer, transfer to the United States District Court for the Middle District o Georgia is appropriate. As noted in *Braden*:

> It is in [Georgia], where all of the material events took place, that the records and witnesses pertinent to petitioner's claims are likely to be found. And that forum is presumably no less convenient for [Respondent], than for the petitioner. The expense and risk of transporting the petitioner to the [Middle District of Georgia], should his presence at a hearing prove necessary, would in all likelihood be outweighed by the difficulties of transporting records and witnesses from [Georgia] to the district where petitioner is confined.

*Braden*, 410 U.S. at 493-94. Furthermore, the Georgia district court will be intimately more "familiar with the law and practices" of Georgia, *id*. at 499, than this Court.

As to Petitioner's other claims challenging bail and his prosecution, the Court believes they should be dismissed without prejudice to Petitioner's right to pursue these claims via 28 U.S.C. § 2241. It appears Petitioner is a pretrial detainee as to those claims, and thus § 2241, with its attendant exhaustion requirements, provides the proper avenue for relief. *Hughes v. Attorney General*, 377 F.3d 1258, 1261-62 (11th Cir. 2004).

It is therefore respectfully **RECOMMENDED:**

That Petitioner's claims related to bail and prosecution be **DISMISSED WITHOUT PREJUDICE**;

That the remaining claim related to the detainer be **TRANSFERRED** to the United States District Court for the Middle District of Georgia for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this   **13th**   day of September, 2005.

>  s/ A. KORNBLUM
>  **ALLAN KORNBLUM**
>  **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 4:05-cv-316-MMP-AK*